UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| NELIN XIOMARA GONZALEZ ELVIR, ET AL. <br><br> VERSUS <br><br> TRINITY MARINE PRODUCTS, INC. ET AL. | CIVIL ACTION <br><br> NO. 16-814-JJB-EWD |

# ORDER

Before the Court is an Unopposed Motion for Leave to File First Amending Complaint Joining Additional Defendants (the "Motion"), filed by plaintiffs Nelin Xiomara Gonzalez Elvir and Estevan Lopez Coello (collectively, "Plaintiffs").[1] On or about October 28, 2016, Plaintiffs filed a Petition for Damages in the 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, against Trinity Marine Products, Inc. ("Trinity Marine"), the Lincoln Electric Company ("Lincoln Electric"), ABC Insurance Company and DEF Insurance Company for the personal injuries and death of the Plaintiffs' son from an incident involving equipment manufactured by Trinity Marine and Lincoln Electric.[2] Lincoln Electric removed the matter to this Court on December 2, 2016, asserting that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.[3] Alternatively, Lincoln Electric asserted that the Court has subject matter jurisdiction under 28 U.S.C. § 1331, federal question jurisdiction.[4]

---

[1] R. Doc. 13.
[2] R. Doc. 1-1.
[3] R. Doc. 1 at ¶ 7.
[4] R. Doc. 1 at ¶¶ 20-23.

On March 17, 2017, Plaintiffs filed the instant Motion, seeking to amend the state court Petition to add Navigators Insurance Company, Liberty Mutual Insurance Company, and Allianz Global Risks US Insurance Company as defendants in this case.[5] The First Supplemental and Amending Complaint[6] contains the following allegations regarding citizenship of the parties:

Made Defendants herein are:

> **TRINITY MARINE PRODUCTS, INC.** ("TRINITY MARINE"), a foreign corporation admitted to do and, on information and belief, actually doing business within the State of Louisiana and the Parish of West Baton Rouge, and having its principal business establishment in Louisiana in the Parish of St. Tammany;
>
> **THE LINCOLN ELECTRIC COMPANY**, a foreign corporation admitted to do and, on information and belief, actually doing business within the State of Louisiana and the Parish of West Baton Rouge, and having its principal business establishment in Louisiana in the Parish of East Baton Rouge;
>
> **NAVIGATORS INSURANCE COMPANY** ("NAVIGATORS"), a foreign insurer, licensed and authorized to do business in this State, who, at all times material hereto, provided commercial general liability insurance coverage to defendant TRINITY MARINE for all damages complained of herein by Plaintiffs;
>
> **LIBERTY MUTUAL INSURANCE COMPANY** ("LIBERTY MUTUAL"), a foreign insurer, licensed and authorized to do business in this State, who, at all times material hereto, provided excess bumbershoot insurance coverage to defendant TRINITY MARINE for all damages complained of herein by Plaintiffs; and
>
> **ALLIANZ GLOBAL RISKS US INSURANCE COMPANY** ("ALLIANZ"), a foreign insurer, licensed and authorized to do business in this State, who, at all times material hereto, provided excess liability insurance coverage to defendant THE LINCOLN

---

[5] R. Doc. 13 at 1-2.
[6] R. Doc. 13-2.

ELECTRIC COMPANY for all damages complained of herein by Plaintiffs.[7]

Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1447(e) when a plaintiff seeks to join an additional defendant after removal. Citizenship has not been adequately alleged in the Motion. As an initial matter, there is no allegation regarding the citizenship of plaintiffs Nelin Xiomara Gonzalez Elvir and Estevan Lopez Coello. The Motion merely alleges that Elvir and Coello are "majors and residents of the State of Tegucigalpa, County of Honduras."[8] The Fifth Circuit has explained that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted).

Additionally, the citizenship of Trinity Marine, Lincoln Electric, Navigators Insurance Company, Liberty Mutual Insurance Company, and Allianz Global Risks US Insurance Company has not been properly alleged in the Motion. The Fifth Circuit has held that, "A corporation is a citizen of its place of incorporation and its principal place of business." 28 U.S.C. § 1332(c). *See also, Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (in diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation."). The Fifth Circuit has also held that for purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of the limited liability company, and the

---

[7] R. Doc. 13-2 at 1-2.
[8] R. Doc. 13-2 at 1.

citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member of a limited liability company which is also a limited liability company. *See, Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs shall have seven (7) days from the date of this Order to file a motion to substitute the First Supplemental and Amending Complaint[9] with a proposed pleading that is a comprehensive amended complaint that includes all of Plaintiffs' numbered allegations, as revised, supplemented, and/or amended, and adequately alleges the citizenship of all parties, which will become the operative complaint in this matter without reference to any other document in the record.

Signed in Baton Rouge, Louisiana, on May 16, 2017.

                                                     **ERIN WILDER-DOOMES**
                                                   **UNITED STATES MAGISTRATE JUDGE**

---

[9] R. Doc. 13-2.