UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| NELIN XIOMARA GONZALEZ ELVIR, ET AL.<br><br>                        Plaintiffs<br><br>VERSUS<br><br>TRINITY MARINE PRODUCTS, INC., ET AL.<br><br>                        Defendants | CIVIL ACTION NO.: 3:16-CV-00814<br><br>JUDGE:  HON. JAMES J. BRADY<br><br>MAG.:  HON. ERIN WILDER-DOOMES |

## NAVIGATORS INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' FIRST SUPPLEMENTAL AND AMENDED COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Navigators Insurance Company ("Navigators"), which for answer to the *First Supplemental and Amended Complaint* (Rec. Doc. 27, "*Amended Complaint*") of Plaintiffs, Nelin "Nellie" Xiomara Gonzalez Elvir and Estevan Lopez Coello ("Plaintiffs"), avers as follows:

### FIRST DEFENSE

The claims asserted by Plaintiffs against Navigators in the *Amended Complaint* fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Alternatively, and for answer to the specific allegations of Plaintiffs' *Amended Complaint*, Navigators avers and alleges upon information and belief as follows:

I.

Navigators admits that it is a corporation organized under the laws of the State of New York with its principal place of business in the State of York.  Navigators further admits that it issued certain insurance identified in Paragraph XXIV herein.  All remaining allegations contained

1

in Paragraph I of the *Amended Complaint* that expressly pertain only to other parties do not require a response from Navigators. Except as admitted herein, the allegations contained in Paragraph I of the *Amended Complaint* are denied.

II.

The allegations contained in Paragraph II of the *Amended Complaint* state legal conclusions, and therefore do not require a response from Navigators. However, to the extent that a response is required, Navigators admits that this Honorable Court has jurisdiction in this matter. Except as admitted herein, the allegations contained in Paragraph II of the *Amended Complaint* are denied.

III.

The allegations contained in Paragraph III of the *Amended Complaint* state legal conclusions, and therefore do not require a response from Navigators. However, to the extent that it is alleged that Trinity Marine Products, Inc. was not a borrowing employer of Mr. Jose Ariel Aguilar Gonzalez, a.k.a. Elias Moreno, the allegations contained in Paragraph III of the *Amended Complaint* are denied.

IV.

The allegations contained in Paragraph IV of the *Amended Complaint* are denied for lack of sufficient information to justify a belief therein.

V.

The allegations contained in Paragraph V of the *Amended Complaint* state legal conclusions and expressly pertain only to other parties, and therefore do not require a response from Navigators. However, to the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

VI.

The allegations contained in Paragraph VI of the *Amended Complaint* are denied for lack of sufficient information to justify a belief therein.

VII.

The allegations contained in Paragraph VII of the *Amended Complaint* state legal conclusions, and therefore do not require a response from Navigators. However, to the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

VIII.

The allegations contained in Paragraph VIII of the *Amended Complaint* state legal conclusions, and therefore do not require a response from Navigators. However, to the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

IX.

The allegations contained in Paragraph IX of the *Amended Complaint* are denied for lack of sufficient information to justify a belief therein.

X.

The allegations contained in Paragraph X of the *Amended Complaint* state legal conclusions, and therefore do not require a response from Navigators. However, to the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

XI.

The allegations contained in Paragraph XI of the *Amended Complaint* are denied for lack

of sufficient information to justify a belief therein.

XII.

The allegations contained in Paragraph XII of the *Amended Complaint*, including subparts (a) through (o), state legal conclusions and expressly pertain only to other parties, and therefore do not require a response from Navigators. However, to the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

XIII.

The allegations contained in Paragraph XIII of the *Amended Complaint* state legal conclusions and expressly pertain only to other parties, and therefore do not require a response from Navigators. However, to the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

XIV.

The allegations contained in Paragraph XIV of the *Amended Complaint* state legal conclusions and expressly pertain only to other parties, and therefore do not require a response from Navigators. However, to the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

XV.

The allegations contained in Paragraph XV of the *Amended Complaint* state legal conclusions and expressly pertain only to other parties, and therefore do not require a response from Navigators. However, to the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

XVI.

The allegations contained in Paragraph XVI of the *Amended Complaint* state legal

conclusions and expressly pertain only to other parties, and therefore do not require a response from Navigators. However, to the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

XVII.

The allegations contained in Paragraph XVII of the *Amended Complaint*, including subparts (A) through (D), state legal conclusions and expressly pertain only to other parties, and therefore do not require a response from Navigators. However, to the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

XVIII.

The allegations contained in Paragraph XVIII of the *Amended Complaint*, including subparts (A) through (G), state legal conclusions and expressly pertain only to other parties, and therefore do not require a response from Navigators. However, to the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

XIX.

The allegations contained in Paragraph XIX of the *Amended Complaint* state legal conclusions, and therefore do not require a response from Navigators. However, to the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

XX.

The allegations contained in Paragraph XX of the *Amended Complaint* state legal conclusions and expressly pertain only to other parties, and therefore do not require a response from Navigators. However, to the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

XXI.

The allegations contained in Paragraph XXI of the *Amended Complaint* state legal conclusions, and therefore do not require a response from Navigators. However, to the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

XXII.

The allegations contained in Paragraph XXII of the *Amended Complaint* state legal conclusions, and therefore do not require a response from Navigators. However, to the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

XXIII.

Paragraph XXIII of the *Amended Complaint* contains a request that requires no response from Navigators.

XXIV.

Navigator admits that it issued Marine General Liability Policy No. CM15LIA00320001 to Named Insured NSC Technologies, Inc. for the Policy Period of October 1, 2015 to October 1, 2016, and that Trinity Marine Products, Inc. is an Additional Insured under Policy No. CM15LIA00320001. Navigators further admits that it issued Marine Bumbershoot Liability Policy No. CM15LIA0032002 to Named Insured NSC Technologies, Inc. for the Policy Period of October 1, 2015 to October 1, 2016, and that Trinity Marine Products, Inc. is an Additional Insured under Policy No. CM15LIA0032002. These Policies are written documents, and as such are the best evidence of their terms, conditions, provisions, exclusions, limitations, endorsements, and other contents, which are all pled herein, as applicable, as if set forth *in extenso*. Except as admitted

herein, the allegations contained in Paragraph XXIV of the *Amended Complaint* are denied.

## XXV.

The allegations contained in Paragraph XXV of the *Amended Complaint* state legal conclusions and expressly pertain only to other parties, and therefore do not require a response from Navigators. However, to the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

## XXVI.

The allegations contained in Paragraph XXVI of the *Amended Complaint* state legal conclusions and pertain to other parties, and therefore do not require a response from Navigators. However, to the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

## XXVII.

The allegations contained in all unnumbered paragraphs and articles of the *Amended Complaint*, including, but not limited to, its preamble and prayer for relief, not specifically addressed above are denied.

## THIRD DEFENSE

Alternatively, and without limitation to any of the foregoing, Navigators hereby affirmatively adopts by reference all defenses, affirmative defenses, and denials of liability asserted or to be asserted by Trinity Marine Products, Inc., in defense of the principal claims asserted against Trinity Marine Products, Inc. by Plaintiffs, or any other party herein, to the extent that they are not inconsistent with the defenses of Navigators herein, as contained in Trinity Marine Products, Inc.'s *Answer* to both Plaintiffs' *Petition for Damages* and Plaintiffs' *First Supplemental and Amended Complaint*.

**FOURTH DEFENSE**

Alternatively, and without limitation to any of the foregoing, Navigators hereby affirmatively pleads, as if set forth herein *in extenso*, the entirety of Marine General Liability Policy No. CM15LIA00320001 and Marine Bumbershoot Liability Policy No. CM15LIA0032002, including any and all applicable terms, conditions, provisions, exclusions, limitations, endorsements, and other contents, which are the best evidence of these Policies as they are written documents. Navigators attaches a copy of Marine General Liability Policy No. CM15LIA00320001 as Exhibit "A," and a copy of Marine Bumbershoot Liability Policy No. CM15LIA0032002 as Exhibit "B," incorporating each Policy into this *Answer*, so that Plaintiffs are given full and proper notice of all applicable terms, conditions, provisions, exclusions, limitations, endorsements, and other contents of Marine General Liability Policy No. CM15LIA00320001 and Marine Bumbershoot Liability Policy No. CM15LIA0032002 pled by Navigators herein.

**FIFTH DEFENSE**

Alternatively, and without limitation to any of the foregoing, Navigators hereby affirmatively pleads, as if set forth herein *in extenso*, any other policy of insurance which was otherwise issued to any and all parties herein, including any and all terms, conditions, provisions, exclusions, limitations, endorsements, and other contents of said policy(ies), which are the best evidence of said policy(ies).

**SIXTH DEFENSE**

Alternatively, and without limitation to any of the foregoing, Navigators hereby affirmatively avers that Plaintiffs' *Petition for Damages* and/or *First Supplemental and Amended Complaint* are barred by prescription, preemption, and/or laches.

**SEVENTH DEFENSE**

Alternatively, and without limitation to any of the foregoing, Navigators hereby affirmatively avers that the injuries of Mr. Jose Ariel Aguilar Gonzalez, a.k.a. Elias Moreno, if any, were the result of normal and usual risks and hazards of his occupation, and, as such were assumed by him.

**EIGHTH DEFENSE**

Alternatively, and without limitation to any of the foregoing, Navigators hereby affirmatively avers that the damages of Plaintiffs and/or Mr. Jose Ariel Aguilar Gonzalez, a.k.a. Elias Moreno, if any, were caused or occasioned by intervening and/or superseding causes for which Navigators is not legally responsible.

**NINTH DEFENSE**

Alternatively, and without limitation to any of the foregoing, Navigators hereby affirmatively avers that its liability, if any, which is specifically denied, is purely passive and/or technical and the liability of others is actual and/or active, thus entitling Navigators to full indemnification from others who were negligent and/or otherwise at fault.

**TENTH DEFENSE**

Alternatively, and without limitation to any of the foregoing, Navigators hereby affirmatively avers that it is entitled to a set off and/or credit for all payments made to or on behalf of Plaintiffs by any source, collateral or otherwise.

**ELEVENTH DEFENSE**

Alternatively, and without limitation to any of the foregoing, Navigators hereby affirmatively avers that Plaintiffs' claims are barred by the provisions of the Longshore and Harbor Workers' Compensation Act and/or the Louisiana State Workers' Compensation Act, including,

but not limited to, the "borrowed employer," "statutory employer," and/or "employer tort immunity" defenses.

## TWELFTH DEFENSE

Alternatively, and without limitation to any of the foregoing, Navigators hereby affirmatively avers that any employees of Navigators' Additional Insured, Trinity Marine Products, Inc., present at the time of the accident of Mr. Jose Ariel Aguilar Gonzalez, a.k.a. Elias Moreno, were working as borrowed employees of others.

## THIRTEENTH DEFENSE

Alternatively, and without limitation to any of the foregoing, Navigators hereby affirmatively avers that, to the extent Plaintiffs and/or Mr. Jose Ariel Aguilar Gonzalez, a.k.a. Elias Moreno failed to mitigate their damage in this matter, their recovery, if any, should be barred, reduced, or precluded.

## FOURTEENTH DEFENSE

Alternatively, and without limitation to any of the foregoing, Navigators hereby affirmatively avers that Plaintiffs' and/or Mr. Jose Ariel Aguilar Gonzalez, a.k.a. Elias Moreno's damages, if any, are the result of the sole or comparative fault of Plaintiffs and/or Mr. Jose Ariel Aguilar Gonzalez, a.k.a. Elias Moreno.

## FIFTEENTH DEFENSE

Alternatively, and without limitation to any of the foregoing, Navigators hereby affirmatively avers that if Plaintiffs and/or Mr. Jose Ariel Aguilar Gonzalez, a.k.a. Elias Moreno suffered any damages as alleged, which is denied, such damages were caused in whole or in part by the actions or inactions of other Defendants and/or third parties, and not Navigators or its Additional Insured, Trinity Marine Products, Inc.

## SIXTEENTH DEFENSE

Alternatively, and without limitation to any of the foregoing, Navigators hereby affirmatively avers that to the extent that Plaintiffs' and/or Mr. Jose Ariel Aguilar Gonzalez, a.k.a. Elias Moreno's damages, if any, were solely caused or contributed to by the negligence or other fault of Plaintiffs or persons for whom Plaintiffs are responsible, Plaintiffs' damages are not recoverable from Navigators.

## SEVENTEENTH DEFENSE

Navigators specifically reserves the right to supplement, amend, and/or modify its Answers and Defenses to confirm to such facts as may be revealed during discovery, or otherwise.

**WHEREFORE**, the premises considered, Defendant, Navigators Insurance Company, prays that this, its *Answer* to the *First Supplemental and Amended Complaint* of Plaintiffs, Nelin, "Nellie" Xiomara Gonzalez Elvir and Estevan Lopez Coello, be deemed good and sufficient, and that after due proceedings are had, there be judgment herein in its favor and against Plaintiffs, dismissing their *First Supplemental and Amended Complaint* at their costs, with prejudice, and that Navigators Insurance Company be granted such other general and equitable relief as this Honorable Court may deem just under the circumstances and be competent to grant.

Respectfully submitted:

**LARZELERE PICOU WELLS
SIMPSON LONERO, LLC**
Two Lakeway Center - Suite 1100
3850 N. Causeway Blvd.
Metairie, Louisiana 70002
Telephone: (504)834-6500

BY:    */s/ Cory T. Stuart*  _____
       **J. DANIEL PICOU, T.A. (No. 13827)**
       jpicou@lpwsl.com
       **WILSON L. MALOZ, III (No. 26396)**
       wmaloz@lpwsl.com
       **CORY T. STUART (No. 33394)**
       cstuart@lpwsl.com

**ATTORNEYS FOR NAVIGATORS
INSURANCE COMPANY**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I have served a copy of the above and foregoing pleading upon all counsel of record, via e-mail, facsimile or by placing a copy of same in the United States Mail, postage prepaid and properly addressed, this 14th day of September, 2017.

*/s/ Cory T. Stuart*  _____