# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| NELIN XIOMARA GONZALEZ ELVIR, ET AL. | CIVIL ACTION |
| VERSUS | NO. 16-814-SDD-EWD |
| TRINITY MARINE PRODUCTS, INC., ET AL. | |

## NOTICE AND ORDER

Before the Court is a Motion for Leave to Amend Complaint (the "Second Motion"),[1] and Motion for Leave to File Third Amended & Supplemental Complaint (the "Third Motion") filed by Nelin ("Nellie") Xiomara Gonzalez Elvir and Estevan Lopez Coello (collectively, "Plaintiffs").[2] Both Motions are opposed.[3]

As explained more fully herein, it is unclear from the proposed Third Amended & Supplemental Complaint (the "Proposed Complaint") whether complete diversity exists between the parties.

On or about October 28, 2016, Plaintiffs filed a Petition for Damages in the Eighteenth Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, asserting a wrongful death claim and survival action against Trinity Marine Products, Inc. ("Trinity Marine"), Lincoln Electric Company ("Lincoln Electric"), ABC Insurance Company and DEF Insurance Company for the personal injuries and death of the Plaintiffs' adult son during an incident allegedly involving

---

[1] Plaintiffs filed their Motion for Leave to File First Amending Complaint on March 17, 2017, which was granted on June 8, 2017. R. Docs. 13, 26. On March 31, 2018, Plaintiffs filed the Second Motion, but titled it as "Motion for Leave to Amend Complaint," which seeks leave to file a *second* amended and supplemental complaint. R. Doc. 56. For ease of reference, the Court will refer to the second-filed Motion as "the Second Motion" herein.
[2] R. Doc. 103.
[3] R. Docs. 74, 80, 84, 111, 118.

equipment manufactured by Trinity Marine and Lincoln Electric.[4] Plaintiffs allege that their son, Jose Ariel Aguilar Gonzalez ("Mr. Gonzalez") was electrocuted on October 22, 2015 while performing welding work for his employer, NSC Technologies, Inc., on the premises of Trinity Marine located in Brusly, Louisiana.[5]

Lincoln Electric removed the matter to this Court on December 2, 2016 and asserted that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.[6] Alternatively, Lincoln Electric asserted that the Court has subject matter jurisdiction under 28 U.S.C. § 1331, federal question jurisdiction.[7]

On March 17, 2017, Plaintiffs filed an Unopposed Motion for Leave to File First Amending Complaint Joining Additional Defendants,[8] which was granted on June 8, 2017.[9] Plaintiffs' First Supplemental and Amended Complaint names Navigators Insurance Company ("Navigators"), Liberty Mutual Insurance Company ("Liberty Mutual"), and Allianz Global Risks US Insurance Company ("Allianz") as defendants in place of ABC Insurance Company and DEF Insurance Company.[10]

On March 31, 2018, after the amendment deadline established in the Scheduling Order[11] had expired, Plaintiffs filed the Second Motion, seeking to add Trinity Industries Services, LLC ("Trinity Industries Services") and Trinity Industries, Inc. ("Trinity Industries") as defendants in this matter pursuant to Fed. R. Civ. P. 15.[12] On May 25, 2018, Plaintiffs filed the Third Motion,

---

[4] R. Doc. 1-1.
[5] *Id.* at ¶¶ II-IV, X.
[6] R. Doc. 1 at ¶ 7.
[7] R. Doc. 1 at ¶¶ 20-23.
[8] R. Doc. 13. Plaintiffs were twice ordered to file Motions to Substitute proposed First Supplemental and Amending Complaints that were comprehensive complaints that contained all of Plaintiffs' numbered allegations and which adequately alleged the citizenship of the parties. *See* R. Docs. 14, 18.
[9] R. Doc. 26.
[10] R. Doc. 27.
[11] R. Doc. 51.
[12] R. Docs. 56.

which seeks (1) to add Legrand North America, LLC ("Legrand"), the manufacturer of the plugs that were placed on the extension cords allegedly used by Mr. Gonzalez when performing his welding [13]duties; (2) to add a negligence and products liability claim against the Trinity entity that fabricated the two extension cords using LeGrand's plugs; (3) to add a fourth Trinity entity, "Trinity Corporate Services, LLC"; (4) to assert joint, several, and in solido liability among some of the Defendants; and (5) to correct the name of Plaintiff Estevan Lopez Coello to "Jose Esteban Lopez Coello."[14]

Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction,[15] as well as to make the determination required under 28 U.S.C. § 1447(e) when a plaintiff seeks to join an additional defendant after removal. Citizenship has been adequately alleged as to Plaintiffs, Trinity Marine, Trinity Industries, Lincoln Electric, Navigators, Allianz, and Liberty Mutual.[16] However, citizenship has not been adequately alleged in the Proposed Complaint proffered with the Third Motion as to Trinity Industries Services, Trinity Corporate, and Legrand.[17] The Proposed Complaint alleges the following with respect to these new entities:

I.

---

[13]

[14] R. Doc. 103, pp. 1-2.

[15] In its Notice of Removal, Lincoln Electric asserted that the Court has federal question jurisdiction under 28 U.S.C. § 1331 based upon Section 905(b) of the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901 *et seq.*, and that the Court has original jurisdiction over Plaintiffs' maritime claims under 28 U.S.C. § 1333 or 46 U.S.C. § 30101.[15] R. Doc. 1 at ¶¶ 20-23. However, Trinity Marine contests the existence of federal question jurisdiction, and Plaintiffs aver that "**Defendant Lincoln Electric has alleged** that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331." *See* R. Doc. 118, p. 12 and R. Doc. 103-6 at ¶ II (emphasis added). The Court also notes that Trinity Marine's Motion for Summary Judgment is pending, which raises the issue of its immunity under the LHWCA, the consideration of which may involve the question of the applicability of the LHWCA to this case. *See* R. Doc. 85. Thus, it is not clear if federal question exists.

[16] Additionally, based upon the allegations of the Petition, which assert damages premised upon the wrongful death of Mr. Gonzalez in addition to Plaintiffs' own damages, it is likely that the Plaintiffs' damages exceed $75,000, exclusive of interest and costs. R. Doc. 1-1, ¶ X. Thus, the amount in controversy requirement also appears to be satisfied.

[17] R. Doc. 103-6 at ¶ I.

> TRINITY INDUSTRIES SERVICES, LLC ("Trinity Services"), upon information and belief a limited liability company with its principal place of business in the State of Texas, the company that provided safety advice, safety training, safety inspections, safety regulatory compliance, and safety investigation services to Trinity Marine;
> …
> TRINITY CORPORATE SERVICES, LLC ("Trinity Corporate Services"), upon information and belief, a limited liability company with its principal place of business in the State of Texas and a company that provided safety advice, safety training, safety inspections, safety regulatory compliance, and safety investigation services to Trinity Marine;
> …
> LEGRAND NORTH AMERICA, LLC ("Legrand"), a limited liability company established in the State of Delaware with its principal place of business in the State of Connecticut, which, on information and belief, at all times pertinent herein was actually doing business within the State of Louisiana and within the Middle District of Louisiana.[18]

Thus, it is not clear from the Proposed Complaint whether complete diversity exists because citizenship has not been adequately alleged with respect to three of the limited liability companies Plaintiffs seek to add as defendants.

The Fifth Circuit has held that for purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of the limited liability company, and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member of a limited liability company which is also a limited liability company. *See Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced

---

[18] *Id.*

through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs Nelin Xiomara Gonzalez Elvir and Estevan Lopez Coello shall have seven (7) days from the date of this Order to file a motion to substitute the Third Amended & Supplemental Complaint with a proposed pleading that is a comprehensive amended complaint that includes all of Plaintiffs' numbered allegations, as revised, supplemented, and/or amended, and adequately alleges the citizenship of all parties, which will, if granted, become the operative complaint in this matter without reference to any other document in the record.

Signed in Baton Rouge, Louisiana, on July 5, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**