# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

NELIN XIOMARA GONZALES
ELVIR, ET AL.                                              CIVIL ACTION

VERSUS                                                     16-814-SDD-EWD

TRINITY MARINE
PRODUCTS, INC., ET AL.

## RULING

Before the Court is an appeal from the Magistrate Judge's *Ruling and Order*[1] on multiple Motions[2] to amend the *Complaint*. The Magistrate Judge granted in part and denied in part the relief requested and Plaintiffs appeal. The Court has carefully reviewed the *Ruling and Order*[3] made the subject of the Plaintiff's *Objection to and Motion for Review of Certain Rulings and Orders of the Magistrate Judge*[4], the record, and the procedural history of this case and, for the reasons set forth herein, AFFIRMS the *Ruling and Order*.

"Any party may appeal a magistrate judge's ruling on a non-dispositive matter to a district court judge under Rule 72(a) of the Federal Rules of Civil Procedure and Local Rule [72(a)]".[5] "On appeal, the district judge may 'set aside any portion of the order that is clearly erroneous or contrary to the law.'"[6]

---

[1] Rec. Doc. 166.
[2] Rec. Docs. 56, 103 and 143.
[3] Rec. Doc. 166.
[4] Rec. Doc. 167.
[5] *Black v. Hornsby*, 2014 WL 2881153, at *1 (W.D. La., 2014).
[6] *Id.* (quoting Fed.R.Civ.Proc. 72(a)).

"This appeal is governed by Rule 72(a), which provides, in pertinent part, that '[t]he district judge ... must ... modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law.'"[7] "When a party appeals a magistrate judge's order, [it] must demonstrate how the order is reversible under the applicable standard of review—*de novo* for error of law, clear error for fact findings, or abuse of discretion for discretionary matters."[8] "The clearly erroneous standard applies to the factual components of the magistrate judge's decision."[9] "The district court may not disturb a factual finding of the magistrate judge unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed."[10] "If a magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, a district judge may not reverse it."[11] "The legal conclusions of the magistrate judge are reviewed *de novo*, and the district judge 'reverses if the magistrate judge erred in some respect in her legal conclusions.'"[12] "[T]he abuse of discretion standard governs review of that vast area of ... choice that remains to the [magistrate judge] who has properly applied the law to fact findings that are not clearly erroneous."[13]

"When reviewing a non–dispositive order issued by a Magistrate Judge" such as the one at bar, this court "gives substantial deference to the findings of the Magistrate

---

[7] *Orthoflex, Inc. v. ThermoTek, Inc.*, 990 F.Supp.2d 675, 682–83 (N.D.Tex. 2013).
[8] *Id.* at 683 (quoting *Jefferson-Pilot Life Ins. Co. v. Bellows*, 2003 WL 21501904, at *1 (N.D.Tex. June 24, 2003)).
[9] *Id.* (quoting *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 204, 208 (N.D.Tex.1996)).
[10] *Id.* (quoting *Lahr*, 164 F.R.D. at 208).
[11] *Id.* (quoting *Lahr*, 164 F.R.D. at 208).
[12] *Id.* (quoting *Lahr*, 164 F.R.D. at 208).
[13] *Id.* (quoting *Lahr*, 164 F.R.D. at 208) (alteration in original).

Judge."[14] In this case, the Magistrate Judge conducted an exhaustive analysis of the good cause standard set forth in Fed. R. Civ. P. 16 and the liberal standard for amending pleadings under Fed. R. Civ. P. 15(a). The Magistrate Judge concluded that:

> Plaintiffs have not shown good cause exists for the Court to modify the Scheduling Order to allow Plaintiffs to add Legrand Holding, Inc. or Pass & Seymour, Inc., to add claims of negligence against the Trinity Defendants, or to allege joint, several, or *in solido* liability among Defendants.[15]

The Magistrate Judge found that:

> Plaintiffs have not provided sufficient explanation for why they seek leave to amend to add Legrand, an entirely new and unrelated party (and Pass & Seymour, discussed *infra*), fourteen (14) months after the deadline set by the Court to file amended pleadings when the evidence submitted reflects that Plaintiffs had knowledge of potential issues with the cords and plugs, were provided documents naming Legrand, and were aware of testimony regarding the plugs manufactured by Legrand, sufficient to name Legrand in a more timely manner, if not prior to the deadline.[16]

The Magistrate Judge also found that "[r]egarding the assertion of negligence claims against the Trinity Defendants, the first factor [Plaintiff's explanation for the failure to timely move for leave to amend] weighs against Plaintiffs for the same reasons enumerated as to Legrand."[17]

---

[14] *Grand Oaks, Inc. v. Anderson*, 175 F.R.D. 247, 248 (N.D.Miss., 1997); *see also* Fed.R.Civ.P. 72(a); *Castillo v. Frank,* 70 F.3d 382, 385 (5th Cir.1995);
[15] Rec. Doc. 166, p. 31.
[16] *Id.* at p. 25.
[17] *Id.* at p. 29.

After reviewing the record and the procedural history, this Court finds no clear error as to the factual determinations of the Magistrate Judge and finds no error in the Magistrate Judge's application of the law. The *Plaintiff's Objection to and Motion for Review of Certain Ruling and Orders of the Magistrate Judge* (Rec. Doc. 167) is DENIED and the Magistrate Judge's *Ruling and Order* (Rec. Doc. 166) is AFFIRMED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on September 27, 2018.

**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**